**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3098
_____

CRISTOFER ALEXANDER ORTEGA-VARELA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(BIA: A206-724-714)
Immigration Judge: Shana W. Chen
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 2, 2026
_____

Before: SHWARTZ, PHIPPS, and McKEE, *Circuit Judges*

(Filed: August 5, 2026)
_____

OPINION[*]
_____

McKEE, *Circuit Judge.*

Cristofer Alexander Ortega-Varela petitions for review of a decision of the Board

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7, does not constitute binding precedent.

of Immigration Appeals denying his motion to reopen his removal proceedings. For the reasons that follow, we will deny the petition.

I[1]

"As a general rule, motions to reopen are granted only under compelling circumstances."[2] "[O]ur review is highly deferential: we review the denial of a motion to reopen for abuse of discretion."[3] "The BIA's denial of a motion to reopen may only be reversed if it is 'arbitrary, irrational, or contrary to law.'"[4]

II

It is undisputed that Ortega-Varela's motion to reopen was filed after the ninety-day filing deadline, and was therefore untimely.[5] Ortega-Varela contends that the BIA abused its discretion by refusing to equitably toll the ninety-day period to file such a motion. Equitable tolling is only available if (1) a petitioner "pursu[ed] his rights diligently," and (2) "some extraordinary circumstance stood in his way" and prevented filing sooner.[6]

---

[1] The BIA had jurisdiction under 8 C.F.R. §§ 1003.1(b)(3) and 1240.15, and we have jurisdiction under § 8 U.S.C. § 1252(a). *See Garcia v. Att'y Gen.*, 665 F.3d 496, 502 n.4 (3d Cir. 2011).
[2] *Guo v. Ashcroft*, 386 F.3d 556, 561 (3d Cir. 2004).
[3] *Id.* at 562.
[4] *Filja v. Gonzales*, 447 F.3d 241, 251 (3d Cir. 2006) (quoting *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002)).
[5] *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).
[6] *Nkomo v. Att'y Gen. of United States*, 986 F.3d 268, 273 (3d Cir. 2021) (quoting *Holland v. Fla.*, 560 U.S. 631, 649 (2010)).

Even assuming Ortega-Varela acted with the requisite diligence in pursuing his motion to reopen,[7] he has not demonstrated an extraordinary circumstance that would warrant equitable tolling. The BIA concluded that Ortega-Varela's "potential[] eligib[ility] for relief after a final administrative order of removal is a common occurrence" and does not amount to an "extraordinary circumstance" for purposes of equitable tolling.[8] This was not an abuse of discretion.

Ortega-Varela contends the BIA failed to consider the fact that he was a minor during removal proceedings as an extraordinary circumstance that prevented him from obtaining Special Immigrant Juvenile status and timely filing his motion to reopen. The BIA recited Ortega-Varela's new evidence and adequately explained why he had not met the standard for equitable tolling.[9] Although the BIA did not specifically address Ortega-Varela's age, it "is not required to write an exegesis on every contention."[10] Moreover, Ortega-Varela acknowledges that "the period [he] seeks to toll began after the order of

---

[7] The BIA did not analyze whether Ortega-Varela acted diligently because it concluded that the circumstance that Ortega-Varela claimed prevented him from filing the motion earlier was not extraordinary. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Because we agree, we also need not reach the issue.

[8] AR 3-4.

[9] The BIA noted that Ortega-Varela "is the beneficiary of an approved petition for special immigrant juvenile status." AR 3. In denying his request to sua sponte reopen his removal proceedings, the BIA also noted that Ortega-Varela "is not currently eligible to adjust status" because his visa category, EB-4, is currently oversubscribed. AR 4.

[10] *Toussaint v. Att'y Gen. of U.S.*, 455 F.3d 409, 414 (3d Cir. 2006), *as amended* (Sept. 29, 2006) (citation omitted); *see also id.* ("We will not hold . . . that a BIA decision is insufficient merely because its discussion of certain issues 'could have been more detailed.'" (quoting *Sevoian,* 290 F.3d at 178)).

removal became final in 2024 when he was no longer a minor."[11]  Nothing in the record suggests that Ortega-Varela had "in some extraordinary way" been prevented from asserting his rights.[12]

Ortega-Varela further asserts the BIA should have cited specific facts or data to support the claim that becoming eligible for relief after a final order of removal was "common" and thus did not warrant equitable tolling.  However, he does not cite any binding authority that would require the BIA to do so.  Contrary to Ortega-Varela's contentions, the BIA did not misinterpret this Court's judgment that "[e]quitable tolling is an extraordinary remedy which should be extended only sparingly" to refer to the number of cases to which equitable tolling could apply; rather, the BIA appropriately interpreted it to mean that equitable tolling is reserved for exceptional circumstances.[13]  Ortega-Varela has not demonstrated such circumstances here.

Because we cannot say the BIA's decision was arbitrary, irrational, or contrary to law, we will deny the petition for review.

---

[11] Pet'r Br. 8-9.  Ortega-Varela's arguments that his status as a minor prevented timely filing are further belied by the fact that he and his mother had legal counsel during removal proceedings.

[12] *Hedges v. United States*, 404 F.3d 744, 751 (3d Cir. 2005).

[13] *Id.*